[No. 6,097.]

## HOFF *v.* FUNKENSTEIN.

STATUTE OF LIMITATIONS.—Where the right to maintain an action on a note or other demand has been suspended by the pendency of bankruptcy proceedings in the case of the debtor, the period of such suspension is not to be counted as part of the time prescribed by the Statute of Limitations to bar the action.

APPEAL from a judgment on demurrer to the complaint, in the Twelfth District Court, City and County of San Francisco. DAINGERFIELD, J.

The facts are stated in the opinion.

*Russell J. Wilson, E. W. McGraw,* and *Wilson & Wilson,* for Appellant.

The proceedings of the United States District Court operated as a bar to the commencement of the action. (Rev. Stats. U. S. § 5106 [§ 21]; *Wilson* v. *Capuro,* 41 Cal. 551; Bump on Bank. 165 note; *In re Ghirardelli & Co.,* 1 Sawy. 343; *Dingee* v. *Becker,* 9 Bank. Reg. 508; 31 Leg. Int. 156; *Hoyt* v. *Freel,* 4 Bank. Reg. 132; S. C. Pr. R. [N. S.] 220; 13 Bank. Reg. 392-3; *Smith* v. *Dispatch Co.* 35 N. J. 60; *Sampson* v. *Burton,* 4 Bank. Reg. 914; *In re Schepler & Co.* 4 Bank. Reg. 68; *Collins* v. *Scheeline,* 52 Cal. 450.)

*Geo. F. & W. H. Sharp, Hunt & Rising,* and *Earle & Firebaugh,* for Respondent.

The proving by plaintiff in the Bankrupt Court waived all right of action *forever.* (§ 21 of Bankrupt Act; *Wilson* v. *Capuro,* 41 Cal. 545; *Ward* v. *Robinson,* 35 How. Pr. R. 176; *Haxton* v. *Corse,* 2 Barb. Ch. R. 529; *Bennett* v. *Goldthwait,* 109 Mass. 494.)

The act of Congress did not prohibit plaintiff from commencing his action. (*In re Bellows* v. *Peck,* 3 Story, 428; *Dunbar* v. *Baker,* 104 Mass. 211; *Pennie* v. *Taylor,* 10 B. R. 200; Rev. Stats. U. S. §§ 5105, 5106; *In re Ghirardelli,* 4 B. R. 164; S. C. 1 Sawy. 343.)

The State Court does not lose jurisdiction of defendant, because he is adjudicated a bankrupt. Judgment may be rendered against him, if he does not plead his discharge. (*Manwaring* v. *Kouns*, 35. Tex. 171; *Park* v. *Casey*, 35 Tex. 536.)

The Statute of Limitations does not embrace any exceptions, other than those expressly mentioned; and exceptions must be under the letter of the statute. (Ang. on Lim. 5th ed. §§ 194, 486, 487, 488.) A right by statute to obtain payment out of future gains of the insolvent, does not bar the statute. (Id. note to § 487.) The statute, having once commenced to run, is not barred by subsequent disability. (Id. § 195.) When the statute commences to run, it runs over all intermediate acts, and bankruptcy of defendant does not prevent its effects. (1 Story, 556; *Gray* v. *Mendez*, 1 Wils. 156; *Smith* v. *Hill*, 4 T. R. 306; 4 Bac. Abr. 497.) The time during which insolvency proceedings are pending, is not to be excluded. (*Collester* v. *Hailey*, 6 Gray, 517; *Stoddard* v. *Doane*, 7 Gray, 387; *Reed* v. *Minel*, 30 Ala. 61; *Hennell* v. *Steele*, 17 Ala. 372.)

Department No. 2, MYRICK, J.:

This is an action on two promissory notes for $1,000 each, and for $200 loaned, each item being stated in a separate count. The notes are dated respectively April 1st, 1870, and June 22nd, 1870, payable on demand. September 20th, 1870, defendants filed their petition in bankruptcy in due form in the United States District Court, District of California, and were adjudged bankrupts about October 1st, 1870. On October 3rd, 1870, plaintiff made proof of his said debt and claim against the estate of defendants. March 31st, 1871, defendants applied to the United States District Court for final discharge as bankrupts. January 17th, 1873, the discharge was refused. June 27th, 1876, plaintiff commenced this action. Defendants demurred on the sole ground of the Statute of Limitations. The demurrer was sustained, and the plaintiff failing to amend, judgment went for defendants. Plaintiff appealed.

The sole question is, whether the time from October 1st, 1870, the date of the adjudication, to January 17th, 1873, the date of the refusal to discharge, is to be excluded in applying the Statute of Limitations?

Section 356, Code of Civil Procedure, is as follows: "When the commencement of an action is stayed by an injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action."

Chapter 5, § 5106, U. S. Revised Statutes, (title LXI, Bankruptcy) provides that "no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt; and all proceedings commenced, or unsatisfied judgments already obtained therein, shall be deemed to be discharged and surrendered thereby; and no creditor whose debt is provable shall be allowed to prosecute to final judgment any suit," etc.

It is claimed by defendants that it was the duty of plaintiff, if he wished to avoid the running of the Statute of Limitations, to have commenced his suit, and let the defendants, if they wished, plead the bankruptcy proceedings; that he should have applied to the United States Court for leave to proceed to judgment, if necessary to ascertain the amount due; and, having omitted so to do, he cannot have any benefit from the pendency of those proceedings.

Section 5106, as above, provides that "no creditor proving his debt or claim shall be allowed to maintain any suit," etc. Is not the commencement of a suit a part of the maintaining of it? "Shall be deemed to have *waived all right of action and suit* against the bankrupt." What right had he, then, to commence an action? It is no answer to say that he might have applied to the United States District Court for leave. He might have applied, and that Court, in the exercise of its proper powers, might have denied the application. The theory of our Statute of Limitations is, that a creditor has four years, (or other time, as the case may be) on any day of which he may, of his own volition, commence an action.

Judgment reversed and cause remanded, with instructions to overrule the demurrer, with leave to defendants to answer.

Thornton, P. J., and Sharpstein, J., concurred.