[No. 9023.    Department Two.    December 20, 1910.]

LOUISE CATHERINE HECKERT, *Appellant*, v. F. W. HILSCHER, *Respondent*.[1]

BILLS AND NOTES—MATURITY—INSTALLMENTS DUE—OPTION—TIME FOR EXERCISING. An option to declare the principal of a note due for default in the payment of interest, time not being made of the essence of the contract, cannot be exercised after the default is purged by payment of the interest to the depositary appointed to collect and receive the payments.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered May 4, 1910, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on a promissory note. Affirmed.

*Merritt, Oswald & Merritt*, for appellant.

*W. H. Plummer*, for respondent.

PER CURIAM.—The parties to this appeal were formerly husband and wife. In severing their matrimonial relations they had a property settlement. Respondent executed a promissory note for the sum of $8,000, drawing a rate of interest equal to the sum of $75 per month until March 1, 1911, and thereafter at the rate of nine per cent per annum. It was provided in the note that the interest should "be paid on the first day of each and every month, and if not paid on or before the.expiration of ninety days from said first day, the whole sum of both principal and interest to become due and collectible at the option of the holder of this note," etc.    At

[1] Reported in 112 Pac. 365.

the same time the parties made the Union Trust Company of Spokane a depositary to hold the note and the collateral which was deposited to secure its payment, under a contract in writing which provided:

"Should, however, the said second party fail in behalf of his obligations in respect to said note, and should the said party of the first part under the terms of this agreement become entitled to receive said stock, or to enforce payment of said note in any way, then and thereupon the trust company shall hold said stock and said note subject to such legal action, if any, as the first party may elect to take."

Respondent did not make the November, 1909, payment, as provided in the note, and had not done so on the first day of February, 1910. On the second day of February, this action was begun, and on the same day the respondent paid the $75 into the trust company.

The case turned below, and must turn here, on a question of fact, Was the payment made before the action was begun by the service of the complaint and summons? The testimony is conflicting, and a review of it would serve no useful purpose. We are content to follow the trial judge, who found that the burden of proof had not been sustained by appellant. It is earnestly contended by the appellant that in law a payment after the expiration of the ninety-day period would not re-lieve respondent of the consequences of his default, and that a forfeiture would result, because, under the terms of the escrow agreement, the trust company could not accept the payment and bind appellant. Reliance is put upon that part of the contract quoted above, but it seems to us that appellant could not declare a forfeiture of the contract without some affirmative act or declaration manifesting her intention or option to do so in some way provided in the contract or recognized by the law. *Weinberg v. Naher*, 51 Wash. 591, 99 Pac. 736. Mindful of this rule, she attempted to meet it by beginning her action, but the court found respondent had purged himself of his default at the time the action was begun. Time is not made the essence of the contract. The option to

defer payments if granted upon sufficient consideration is a valuable right, and cannot be taken away unless it clearly appears that the intention of the moving party to declare the default or invoke the penalty has been exercised within time.

Judgment affirmed.