[Civ. No. 2015.   Fourth Appellate District.—August 28, 1937.]

D. TRIGG, Appellant, v. BESSIE ROWNTREE ARNOTT, as Executrix, etc., et al., Defendants; M. C. MacDONNELL, Respondent.

Liggett & Liggett and S. L. Fendel for Appellant.

M. C. MacDonnell and Richmond Jackson for Respondent.

JENNINGS, J.—On November 16, 1935, plaintiff instituted this action against the defendants to recover the sum of $1857.29 principal and interest and $125 attorney's fee upon a promissory note. The answer of the defendant, M. C. MacDonnell, set up the defense that the cause of action alleged in the complaint was barred as to her by the statute of limitations—subdivision 1 of section 337 of the Code of Civil Procedure. Trial of the action resulted in the entry of a judgment in favor of the above-mentioned defendant. The basis of the judgment is a finding made by the trial court sustaining the defense of the statute of limitations. From this judgment plaintiff appeals.

The complaint alleged that the note was executed by John G. MacDonnell, who died on May 25, 1935, and whose estate is being administered by the defendant Bessie Rowntree Arnott. The instrument was admitted in evidence during the trial and is in the following language:

"Waialua, March 5, 1931

"On demand after date, for value received, I promise to pay to The Bank of Hawaii, Ltd., or order, at its office in the above place, Eighteen Hundred & 00/100 Dollars ($1800.00) with interest thereon from date until fully paid, at 8% per annum net above taxes payable monthly.

"It is also conditioned that monthly installments shall be paid in sums of not less than $100.00 each, on the 5th day of April, 1931, and on the same date in each and every month thereafter, to be applied on principal.

"Principal and interest payable in U. S. Gold Coin or equivalent. In case of default in any payment of interest or principal the entire debt shall immediately become due and payable at the option of the holder hereof. Should any suit

for collection be instituted the undersigned shall also pay the costs of collection including a reasonable attorney's fee.

"(Signed) JOHN G. MACDONNELL.

"The undersigned as endorsers jointly and severally hereby agree to all the terms of all obligations entered into by the maker hereof in this instrument, hereby waiving presentment, demand of payment, protest, notice of nonpayment and of substitution or change of securities, and consent to the extension hereof without notice.

"(Signed) M. C. MACDONNELL.

"(Signed) MRS. MARGARET CRANE."

It is apparent that if the note is simply a demand note the trial court's finding that the cause of action based thereon is barred by the statute of limitations is correct and the judgment must be affirmed. (*O'Neil* v. *Magner*, 81 Cal. 631 [22 Pac. 876, 15 Am. St. Rep. 88]; *Clunin* v. *First Federal Trust Co.*, 189 Cal. 248 [207 Pac. 1009].) It is our conclusion, however, that a proper construction of the language of the instrument indicates that it is not simply a note payable on demand. A promissory note is a contract in writing and in the event of an ambiguity appearing on its face is to be construed as any other written contract. The instrument under consideration presents a patent ambiguity since although the first paragraph indicates that it is payable on demand the second paragraph clearly states that "it is also conditioned" that the principal sum mentioned in the note shall be paid in monthly instalments "of not less than $100.00 each", such monthly payments to begin on April 5, 1931, and to be made on the corresponding date of each and every month thereafter. The third paragraph contains an acceleration clause providing that "in case of default in any payment of interest and principal the entire debt shall immediately become due and payable at the option of the holder thereof". Taking the note in its entirety it is clear that the instrument is one which is payable in specified monthly instalments and that only in case of a default in such payments shall it be considered a demand note. (*Bank of America etc. Assn.* v. *Schumacher*, 6 Cal. App. (2d) 651 [45 Pac. (2d) 239].) This conclusion is fortified by the practical construction which the parties to the contract themselves placed upon the language of the instrument since the note itself shows on its back that four monthly instalments of $100

each were paid during the months of April, May, June and July, 1931, and were duly credited on the principal of the note by the holder.

Having arrived at the conclusion that the instrument which formed the basis of appellant's cause of action is not a simple demand note it becomes necessary to consider the nature and legal effect of the acceleration clause contained within the third paragraph of the note. As above noted, this clause provides that in the event of a default in any payment of interest or principal the entire debt shall immediately become due and payable ''at the option of the holder hereof''. The very language of this provision indicates that it was not the intention of the parties to the instrument that the acceleration clause should be self-operative, rendering the full amount of the note immediately due upon default in the payment of interest or of one of the monthly instalments of principal without any affirmative action on the part of the holder of the note. On the contrary, the presence of the words ''at the option of the holder'' makes it evident that in case of default the holder should have the right to elect whether or not he would declare the entire sum represented by the note to be due immediately. It is settled in California that the presence in a promissory note of a positive nonoptional acceleration clause does not have a self-operative effect so that the statute of limitations begins to run immediately upon the happening of a default in a payment which the note specifies shall be made on a designated date. (*Belloc* v. *Davis,* 38 Cal. 242; *California Sav. etc. Soc.* v. *Culver,* 127 Cal. 107 [59 Pac. 292] ; *Congregational Church Bldg. Soc.* v. *Osborn,* 153 Cal. 197 [94 Pac. 881] ; *Andrews* v. *Zook,* 125 Cal. App. 19 [13 Pac. (2d) 518].) It is obvious that an acceleration clause which is optional in character cannot be regarded as self-operative since the parties to the contract have expressly and unequivocally conferred upon the holder of the instrument the right to elect whether or not he will exact the penalty which is exclusively for his benefit. Without some affirmative action on the part of the holder of a note containing an optional acceleration clause the statute of limitations is not set in motion for the theory of the statute is that a creditor has the full statutory period, whatever that may be, on any day of which he may of his own volition commence an action. (*Hoff* v. *Funkenstein,* 54 Cal. 233, 235; *Barclay* v.

*Blackinton,* 127 Cal. 189, 193 [59 Pac. 834] ; *Union Collection Co.* v. *Soule,* 141 Cal. 99, 100 [74 Pac. 549] ; *Bogart* v. *George K. Porter Co.,* 193 Cal. 197, 208 [223 Pac. 959, 31 A. L. R. 1045] ; *People* v. *California S. Deposit Co.,* 41 Cal. App. 727, 730 [183 Pac. 289] ; *Hinkel* v. *Crowson,* 83 Cal. App. 87, 95 [256 Pac. 479].)

▪ Since the note on which the present action was based was by its terms payable in monthly instalments and it was also provided therein that interest on the principal amount of the note should be paid monthly it follows that the cause of action was barred as to all instalments of principal and interest which had become due more than four years prior to November 16, 1935, the date on which the action was instituted. (*Bissell* v. *Forbes,* 1 Cal. App. 606 [82 Pac. 698] ; *Vatcher* v. *Grier,* 50 Cal. App. 39, 41 [195 Pac. 75].) The undisputed evidence showed that on November 16, 1931, four instalments of $100 each on account of principal were past due and that no interest which became due after September 1, 1931, had been paid. As to the interest which was due and unpaid on November 16, 1931, and the four monthly instalments of principal which became due on August 5, September 5, October 5, and November 5, 1931, the above-mentioned statute of limitations was a good defense. As to the remaining $1,000 of the principal of the note and interest which became due thereon after November 16, 1931, the action was not barred and appellant was entitled to recover such amounts together with such sum as the court should find to be reasonable as an attorney's fee in the action.

The judgment is accordingly reversed. On the going down of the *remittitur* herein the trial court is directed to correct its findings and to enter judgment in conformity with the views herein expressed, including such amount as the court shall determine to be a reasonable attorney's fee. Appellant shall recover his costs of appeal.

Barnard, P. J., and Marks, J., concurred.