158 P.2d 290

## CARMICHAEL v. RICE.

### No. 4888.

Supreme Court of New Mexico.

April 27, 1945.

William T. O'Sullivan, of Albuquerque, for appellant.

Iden, Adams & Johnson, of Albuquerque, for appellee.

MABRY, Chief Justice.

Plaintiff-appellant brought suit for $4,500 as the unpaid balance claimed to be due under the terms of a certain promissory note in the original sum of $5,500 for attorney fees and for a judicial declaration that appellant holds a vendor's lien to the extent of such unpaid balance against certain real property sold to appellee. The facts are not seriously in dispute and the issues presented reduced themselves almost entirely to a question of law, i.e. the legal effect of an acceleration clause in the note in question. It is conceded that if the acceleration clause is optional, the entire note has not become due and only the $50 monthly payments, together with an additional $500 annual payment, are to be met as they fall due. The trial court held that under the terms of the note, the acceleration right being optional, and not automatic, there was required some affirmative action on the part of appellant in order to accelerate the payments, and that no such affirmative action having been taken dismissed the complaint. This appeal results.

The question to be determined is whether the acceleration clause is automatic or optional. The clause in the note which presents the question provides:

"If any installment of this note, either principal or interest, is not paid at the time and place specified herein, and shall remain unpaid for thirty days or longer, *the entire amount unpaid on this note shall, at the option of the holder of this note and without demand or notice, be due and payable forthwith."* (Emphasis ours.)

Appellant contends that such language is ambiguous, confusing, and self-contradictory, and, having been prepared by the payor, appellee, it should be strictly construed against him; that it should be held to work an automatic acceleration. Obviously, in view of the court's findings of fact which we determine are substantially supported by the evidence, unless it can be said that the language of the note affords an automatic acceleration of all payments and that no affirmative action on the part of appellant need be shown, the issue, in all events, must be resolved against appellant.

Appellee contends that the language in question operates merely as an optional acceleration, as the trial court likewise concluded, and sees no ambiguity because of the additional language "and without demand or notice"; that since the acceleration clause in the note is in fact optional, and not automatic, it was necessary for appellant by some affirmative action to exercise this option before a valid tender be made by appellee.

An intention to make the note optional with the holder, that is to require that she must by some affirmative act accelerate the payments, might have been more clearly expressed; yet we agree with the trial court that this right was an optional one and the payments did not become automatically accelerated, without some affirmative act on her part. We cannot say that any great uncertainty exists where it is provided that when any installment of the note is not paid at the time and place specified therein and shall remain unpaid for thirty days or longer, the entire amount unpaid thereon shall, *"at the option of the holder* of this note and without *demand* or *notice,* be due and payable." We will give the clause that construction which makes sense, avoiding that which makes none. And that is to say that under the clause in question there must be some exercise of the option, some affirmative act showing an intent to elect to accelerate; and that the additional clause "without demand or notice" means, simply, that the holder may exercise such option without giving to the maker any notice of such *intention* and without *demand* for the payment of the unpaid balance which would thus be accelerated.

As appellee argues, this of course does not mean that the holder can exercise the option by some secret mental process on her part not evidenced by some form of affirmative action, such as by bringing suit thereon, or say, by entering the entire unpaid balance as immediately due and payable upon her books of account. It is imperative that some act, signifying an intention to accelerate must appear; and here, none does. There may be other possible affirmative acts other than demand or notice by which an option could be exercised under the language of this note; without doubt it could be exercised simply by bringing suit.

The note, it must be said, is not in the conventional form ordinarily employed although we find in 7 Nichols' Ency. of Legal Forms, page 588, this clause: "If any installments of this note be unpaid when due, all installments hereof shall immediately become due at the option of the legal holder hereof without notice or demand."

Certainly the clause cannot be construed as both automatic and optional. But if it can be said that one feature of the clause neutralizes the other and it could not be said whether it possesses an automatic or an optional character, then, under the circumstances, the entire clause should be disregarded, in which event appellant's position would still not be strengthened.

With substantial evidence to support, the trial court found that the first payment was due upon said note on August 1, 1944, and that this was not paid or tendered within thirty days; that on September 5th plaintiff instituted suit, not upon the note or any installment thereupon, but to set aside the note because of alleged fraud in its procurement and that appellee seasonably appeared and answered; that the cause came on for trial on the merits on October

27th, when, after hearing, the action was by the court dismissed; that prior thereto, and on October 10th and while the action to set aside was pending, appellee tendered to appellant the sum of $150 for the sums due on the three monthly installments due on the first day of August, September, and October, but that appellant refused to accept payment; then on October 27th and after failure in her attempt to have set aside the note for fraud in procurement in the original suit, appellant brought this suit seeking enforcement of the acceleration clause of the note and to collect the full amount thereof.

Thereafter and while this present suit was pending appellee made further tender and sought to pay the installments due and unpaid but this repeated tender was likewise not accepted. That although the payments so tendered were not tendered through the First National Bank, as the note provided, this was for the reason that at the special instance and request of appellant payments were to be made directly to her; that at no time was affirmative action of any kind taken on the part of appellant to indicate in any way that she had exercised, or intended to exercise, the option to accelerate the payment of the note until this suit was filed on October 28th.

"Where the holder of paper has merely an option to treat it as due before the time fixed for its maturity because of non-payment of interest or other default, he may waive or lose his option * * * by failure to exercise the option before tender of the amount actually due." 8 C.J. 418; 10 C.J.S., Bills and Notes, § 251.

Appellant would make much of what he calls the insufficiency of the alleged tender made on the 18th of August through an office employee of appellee. The trial court found, with ample evidence to support, that appellant, "by her own statements and conduct," in refusing to see appellee's employee and agent, one Eula Smith, during the month of August, 1944, "prevented" appellee from paying or making tender of the $50 due on August 1, 1944. It is apparent from the record that appellant did not want the payment which the agent then, on or about August 18th, offered to bring to her. And this being true, the tender will be considered as having been made in fact. We, like the trial court, find no merit in such contention.

Our examination of the record persuades us that the findings in respect to tender have ample support in the evidence. It was plain that appellant did not intend to accept payment at any time when the matter of making them becomes important on the issue here presented. Certainly to have accepted any tender after September 5th, when the suit to set aside the note and sale based thereon for fraud in procurement, was filed would have been to recognize the validity of the transaction by which the note was secured and thus to defeat the very claim she was insisting upon establishing in such suit. Where it is clear that a tender if made, will not be accepted, it need not be kept good. 52 Am.Jur. 234.

And, as a general rule, where a tender "is relied upon merely defensively, it is not necessary that it be kept good or that the money be paid into court." 52 Am. Jur. 235.

"A tender need not be kept good where it clearly appears that the tender if made will not be accepted." 52 Am.Jur. Tender, p. 234, sec. 28. And even the formal tender itself need not be made which would otherwise be required, "where it is reasonably plain and clear that, if made, such a tender would be an idle ceremony and of no avail." 52 Am.Jur., Tender, 216, sec. 4; Sherwood v. Greater Mammoth Vein Coal Co., 193 Iowa 365, 185 N.W. 279; Henderson v. Foster, 139 Va. 543, 124 S.E. 463.

"The intention to accelerate maturity must be evidenced by clear and unequivocal acts followed by affirmative action towards enforcing the declared intention," says the Court of Civil Appeals of Texas in Curtis v. Speck, 130 S.W.2d 348, 351. It seems to us no confusion results from the employment of the language complained of as confounding counsel for appellant. To say: "At the option of the holder of this note, without demand or notice," is but to say that presentment for payment, a *demand*, is waived, and likewise all *notice* of intention to accelerate. But that is not to say that some affirmative act accelerating, an actual exercise of the option, must not be shown.

The court in Beckham v. Scott, Tex.Civ. App., 142 S.W. 80, cited with approval in Parker v. Mazur, Tex.Civ.App., 13 S.W.2d 174, 175, speaking upon the question of an exercise of the option of the holder of a note to accelerate the entire indebtedness, says:

"In the absence of the clause in each note, 'The makers and all endorsers hereof severally waive presentment for payment, notice of dishonor and of protest,' there would be no question that the notes could not have been declared due without formal notice to the maker of the notes. The power to declare one or all of notes due in case of default of payment of interest is left optional with the owner or holder of the note. No notice of acceleration of payment of the whole was given by the owner to maker, and, unless the waiver of presentment for payment waived all notice of declaration of acceleration of payment, the injunction was properly granted. The exercise of such action is a harsh one in any case, and especially so under the facts of this case, * * *."

The customary waiver of "presentment, demand, protest, and notice * * *," also appearing in the closing paragraph of the note, if it could be said that it is merely repetitious of the language in question therein employed (a question we need not, and do not, decide), cannot weaken the force of the language in either place. Perhaps it was the intention of counsel who prepared the note to make it certain that demand for payment and notice of default were not conditions precedent to the right on the part of the holder to exercise the op-

tion to declare the entire amount unpaid on the note due and payable forthwith, as distinguished from language of similar import pertaining to the indebtedness generally. It is easily to be assumed that in the preparation of the note it was thought best not to rely upon the general clause last appearing in the note, but, to make it plain and certain, to state specifically, that it would be also unnecessary to make demand, or give notice, before exercising the optional right to accelerate.

The evidence clearly supports the contention of appellee and the findings of the court that appellant did not intend to accept payment at the time it was first tendered some eighteen days after due—August 1st—and her conduct in filing the suit to cancel the note and get back her property certainly indicated her intention to not accept payment on a transaction she would now wholly disavow in a very positive manner. While it may be said that tender was made and the offer rejected, and that the tender was kept sufficiently good under the circumstances even when it was clear that further tenders than those made would avail nothing, it may also be said that the conduct of appellant at all times after the filing of her suit on September 5th at least, if not before, was sufficient to advise appellee that the right of option would not be exercised. It is doubtful whether he needed to keep good his tender during the pendency of that suit, although it appears that he did.

"A court of equity will scan very closely the enforcement of an acceleration clause which will work great hardship on the debtor." 10 C.J.S., Bills and Notes, p. 752, § 251, subsec. f; Parker v. Mazur, Tex.Civ.App., 13 S.W.2d 174.

"The acts and words relied on to constitute a waiver must be such as to justify the maker in believing and acting on the belief that the right will not be exercised without granting him an opportunity to protect himself by payment from the penalties incident to acceleration." 10 C.J.S., Bills and Notes, p. 752, § 251, subsec. f; Rhodes v. Dallas Joint Stock Land Bank, Tex.Civ.App., 91 S.W.2d 962, Stalder v. Riverside Groves, etc., 167 Cal. 560, 140 P. 252; Heckert v. Hilscher, 61 Wash. 269, 112 P. 365.

A careful review of the record satisfies us that appellee can be charged with no default which would have accelerated the monthly payments due upon the note and that appellant's claim must fall. Finding no error the judgment is affirmed, and it is so ordered.

SADLER, BRICE, and LUJAN, JJ., concur.

BICKLEY, J., did not participate.