598 P.2d 213

**E. R. COMER and Rosa E. Comer, Plaintiffs-Appellees,**

v.

**John B. HARGRAVE, Defendant-Appellant,**

**First National Bank of Port Arthur, Texas and all other unknown claimants of interest in the premises adverse to the plaintiffs, Defendants.**

No. 12002.

Supreme Court of New Mexico.

July 31, 1979.

Harry L. Patton, Clovis, for defendant-appellant.

Quinn & Quinn, Stephen K. Quinn, Clovis, for plaintiffs-appellees.

Rowley, Hammond, Rowley & Tatum, David F. Richards, Clovis, for defendants.

## OPINION

EASLEY, Justice.

Comer sued Hargrave to collect on a note and to foreclose a mortgage on real estate. Judgment was entered for Comer. Hargrave appeals. We reverse.

The issue we address is whether a vendor must give notice to a defaulting vendee of his intention to accelerate payments due on a note before the vendor is entitled to file suit to foreclose the mortgage securing payment of the note.

In 1973, the parties contracted for the sale of the real estate. The deed, mortgage and note were placed in escrow. Although the mortgage contained no provision for a grace period for payments, the printed form of the note provided that, should Hargrave remain in default for 30 days, Comer could declare the remainder of the note payable.

About February 22, 1977 Hargrave tendered the December 31, 1976 payment to the escrow bank. The bank returned the payment to Hargrave since tender had been made after the 30-day grace period. After the tender was refused, and without giving Hargrave any notice of his intention to accelerate all the note payments, Comer filed suit to foreclose the mortgage.

Comer claims that the absence of a provision for a grace period in the mortgage barred assertion of that right by Hargrave. However, when a note and mortgage are made at the same time and in relation to the same subject as parts of one transaction, they will be construed together as if they were parts of the same instrument. If there is conflict between the two, the provisions of the note control. *Samples v. Robinson*, 58 N.M. 701, 275 P.2d 185 (1954).

The briefs of the parties on appeal did not consider *Carmichael v. Rice*, 49 N.M. 114, 158 P.2d 290, 159 A.L.R. 1072 (1945) which is controlling here. *See* Annot., 5 A.L.R.2d 968, § 3 (1949). This Court stated that in order to exercise an optional acceleration clause in a promissory note, "[i]t is imperative that some act, signifying an intention to accelerate must appear . . ." *Carmichael*, at 117, 158 P.2d at 292; followed in *Gelman v. Public National Bank*, 126 U.S.App.D.C. 281, 377 F.2d 166 (1967), and *Moresi v. Far West Services, Inc.*, 291 F.Supp. 586 (D.Haw.1968). Failure to accept a tender before exercising the optional acceleration clause was held to constitute a waiver of the right to accelerate. *Carmichael*, 49 N.M. at 118, 158 P.2d at 293.

We see no reason to alter this rule. Comer waived his right to accelerate the note payments by refusing the overdue payments made prior to notice. We therefore reverse, and remand for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, J., concur.