634 P.2d 1269

Roy B. SANDOVAL,
Petitioner-Appellant,

v.

DEPARTMENT OF EMPLOYMENT
SECURITY and Eric Serna,
Respondents-Appellees.

No. 13579.

Supreme Court of New Mexico.

Oct. 1, 1981.

Rehearing Denied Oct. 16, 1981.

Paul E. Frye, Window Rock, Ariz., for petitioner-appellant.

J. R. Baumgartner, Albuquerque, for respondents-appellees.

OPINION

FEDERICI, Justice.

This is an appeal from the denial of unemployment compensation benefits.

Appellant was employed by Duke City Lumber Company. Appellant was scheduled to work from 6:00 a. m. to 2:45 p. m.

on Friday, July 28, 1978; Monday, July 31, 1978; and Tuesday, August 1, 1978. Without notification to Duke City of his intended tardiness, appellant did not report to work on Friday until 1:00 p. m. His supervisor suspected him of being under the influence of alcohol and sent him home with instructions to return on Monday with a doctor's excuse. Appellant was subsequently involved in an automobile accident on Friday.

On Monday, July 31, 1978, appellant did not appear or notify Duke City of his intended absence. On Tuesday, he did not notify Duke City of his intended tardiness and did not appear for work until 11:30 a. m. He was then terminated for acts of alleged misconduct. Appellant applied for unemployment compensation benefits from the Department of Employment Security (Department).

The Department disqualified appellant from receipt of benefits on the ground that he had been discharged from his employment for misconduct in connection with his work pursuant to Section 51–1–7(B), N.M. S.A. 1978 (Repl.Pamp.1981). His appeals to the Appeal Tribunal, Board of Review and District Court for Sandoval County resulted in affirmances of the Department's decision.

Two main issues have been raised in this Court on appeal:

I. Whether appellant's actions constituted misconduct in connection with his employment sufficient to disqualify him from unemployment compensation benefits under Section 51–1–7(B), as that statute was construed in *Mitchell v. Lovington Good Samaritan Center, Inc.*, 89 N.M. 575, 555 P.2d 696 (1976); and

II. Whether a finding of misconduct violates the due process rights of the appellant.

## I.

Section 51–1–7(B) of the Unemployment Compensation Law provides that an individual shall be disqualified for benefits if it is established that he was discharged for misconduct connected with the work. Misconduct was defined by this Court in *Mitchell* at 577, 555 P.2d at 698 (quoting *Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 259–60, 296 N.W. 636, 640 (1941):

... "misconduct" ... is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

The function of an appellate court is to review the evidence considered by the lower court, not to weigh it. *Duke City Lumber Company v. Terrel*, 88 N.M. 299, 540 P.2d 229 (1975). If there is substantial evidence to support the findings of the trial court, they shall not be disturbed. *Moorhead v. Gray Ranch Co.*, 90 N.M. 220, 561 P.2d 493 (Ct.App.), *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977). Substantial evidence is evidence which a reasonable mind accepts as adequate to support a conclusion. *Tapia v. Panhandle Steel Erectors Company*, 78 N.M. 86, 428 P.2d 625 (1967).

Appellant characterizes this case as a single incident of absenteeism, based upon his failure to come to work or notify his employer of his intended absence on Monday, July 31, 1978. However, evidence was presented at the hearing to show an unexcused absence on Monday, prior unexcused absences or tardiness, failure to notify the employer of his intended absences or tardiness, arrival at work on Friday and Tuesday when his shift was more than half over, and warnings from the employer regarding such infractions. Duke City's company policy states employees should call or notify the employer if he is to be absent or tardy so the employer can make some adjustments with the other employees. Accordingly, we hold that there is substantial evidence, adequate to support the finding and conclusion

of the trial court, that these actions constitute misconduct which justifies disqualification for unemployment compensation benefits.

## II.

Appellant contends that his due process rights have been violated because the finding discussed above is based solely on hearsay and ex parte evidence.

 When a substantial right, such as one's ability to earn a livelihood, is at stake, a reviewing court must set aside an administrative finding unless the finding is supported by evidence which would be admissible in a jury trial and which would support a verdict in a court of law. *Trujillo v. Employment Sec. Com'n. of N.M.*, 94 N.M. 343, 610 P.2d 747 (1980); *Young v. Board of Pharmacy*, 81 N.M. 5, 462 P.2d 139 (1969). Upon a review of the evidence presented, we find that the benefits in this case were not denied solely on the basis of hearsay or ex parte evidence, but upon such other competent evidence as would have been admissible and which would have supported a verdict in a court of law.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

EASLEY, C. J., and SOSA, Senior Justice, concur.