749 P.2d 1116

**Joe GONZALES, Plaintiff–Appellee,**

v.

**Gioia TAMA, Defendant–Appellant**

v.

**Pete GONZALES, Third–Party Defendant–Appellee.**

**No. 17170.**

Supreme Court of New Mexico.

Feb. 18, 1988.

Rehearing Denied March 2, 1988.

**738**

Barry Green, Santa Fe, for defendant-appellant.

Campos & Sanchez, Daniel A. Sanchez, Santa Fe, for plaintiff-appellee.

## OPINION

SCARBOROUGH, Chief Justice.

Defendant–Appellant appeals the trial court's grant of judgment in favor of Plaintiff–Appellee on a complaint for foreclosure and denial of counterclaims. We affirm in part and remand in part for findings on the award of attorney's fees.

Defendant–Appellant (buyer) purchased a remote twenty acre tract in Santa Fe County, New Mexico, from Plaintiff–Appellee (seller) and seller's brother, the Third–Party Defendant, for $80,000. Buyer and seller entered into a note and mortgage which provided for a sixty day default period. However, the note did not contain an acceleration clause. Buyer made payments on the note through August 1983 and has made no further payments since then be-

cause buyer claimed seller was obligated under the agreement to gravel the road with subgrade preparation and compacted basecourse to allow access by "passenger car" (by which she meant a 1965 Lincoln Continental) for a period of several years without need for maintenance. The property was originally a mining claim serviced by a steep dirt road which suffered erosion following wet weather. Expert witnesses testified at trial that to build such a permanent road would cost between $85,000 and $118,000.

The purchase agreement included the condition, "[s]eller agrees to upgrade existing roadway to allow accessibility by passenger car, prior to closing." The trial court entered a finding in compliance with this obligation, seller cleared obstructions, leveled and widened the road at certain places and cut diversion channels for the annual snow and rain runoff. However, buyer did not maintain the road on a regular basis so the road deteriorated. Buyer then counterclaimed for damages because she could not gain access to the property year round.

The trial court found that seller did not breach the contract with regard to the "upgrading" of the road and no damages were allowed to the buyer on the counterclaims. The court held that seller should be allowed to recover the principal due on the note in the amount of $54,355.30. We affirm.

■ Buyer first argues that seller was not entitled to foreclose the mortgage because he did not prove the underlying note to the mortgage. The trial court found that the mortgage incorporated by reference the proffered note and that no other note or contract of any sort was proved by the parties. The trial court concluded that the parties entered into a valid agreement whereby buyer purchased and seller sold a parcel of land and that the agreement was expressed in a promissory note and secured by a mortgage. This court has held that if a note and mortgage are made at the same time and in relation to the same subject as parts of one transaction, they will be construed together as if they were parts of the

same instrument. *Comer v. Hargrave*, 93 N.M. 170, 598 P.2d 213 (1979), *Samples v. Robinson*, 58 N.M. 701, 275 P.2d 185 (1954). Here, there is no question that buyer and seller signed the note. The trial court's ruling is correct.

■ Buyer next argues that because the note did not contain an acceleration clause, seller could not foreclose on the mortgage for the entire unpaid balance of the note. Buyer argues that the seller's only remedy in this case is to bring suit each month as the breach occurs. We disagree. The trial court found that as a matter of law buyer's obligation was to pay the purchase price of the property in monthly installments after August 1983. The trial court accelerated payment on the entire unpaid balance and allowed foreclosure for that amount. If there is substantial evidence which a reasonable mind accepts as adequate to support a conclusion, the findings of the trial court shall not be disturbed. *Sandoval v. Dep't. of Employment Sec.*, 96 N.M. 717, 718, 634 P.2d 1269, 1270 (1981). The verdict of the trial court will stand as long as the findings are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate support for a conclusion. *Anaconda Co. v. Property Tax Dep't*, 94 N.M. 202, 211, 608 P.2d 514, 523 (Ct.App.1979), *cert. denied*, 94 N.M. 628, 614 P.2d 545 (1980). In this case, there is evidence to support the trial court's finding that buyer did have an obligation to pay the mortgage payments and that she was in substantial breach as she made no payments from August 1983 until the present time.

The absence of a specific clause providing for acceleration is no bar to a foreclosure action where there has been absolutely no payment of either interest or principal since August 1983. We have held that, "One who holds a note secured by a mortgage has two separate and independent remedies, which he may pursue successively or concurrently; one is on the note against the person and property of the debtor, and the other is by foreclosure to enforce the mortgage lien upon his real estate." *State ex rel. Hill v. District Court*, 79 N.M. 33, 35, 439 P.2d 551, 553 (1968) (quoting *Porter v. Alamocitos Land & Livestock Co.*, 32 N.M. 344, 353, 256 P. 179, 183 (1927)). In this case, the note provided for a sixty day default period and the seller notified buyer in writing of the breach. Were it not for foreclosure, the seller would have no remedy in this case as buyer is now indigent. *See Carmichael v. Rice*, 49 N.M. 114, 158 P.2d 290 (1945), and *Comer v. Hargrave*, 93 N.M. 170, 598 P.2d 213 (1979).

■ Finally, buyer argued that the trial court erred in allowing seller to collect attorney's fees and costs. "An attorney is, of course, entitled to recover the reasonable value of his professional services as provided in the note. Among the many factors which properly may be considered in a determination thereof are the nature and extent of the services, the time necessarily consumed, the professional skill and experience of the attorney, and the results accomplished. Each case must be governed by its own facts and circumstances." *Featherstone v. Barash*, 382 F.2d 641, 644 (10th Cir.1967); *Fryar v. Johnsen*, 93 N.M. 485, 601 P.2d 718 (1979); SCRA 1986, 16–105. No evidence is in the record to show how much time was spent, nor what expertise was required in handling this case. There is nothing to support either the reasonableness or excessiveness of the fees.

We remand and order the trial court to hold a hearing on the issue of reasonableness of attorney's fees.

IT IS SO ORDERED.

STOWERS and RANSOM, JJ., concur.