Filed 1/21/16  Wells Fargo Bank v. Kabbai CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | D067531 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2012-00093841- |
| RAMIN KABBAI, | CU-CO-CTL) |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Katherine Bacal, Judge.  Affirmed.

Ramin Kabbai, in pro. per., for Defendant and Appellant.

Winn Law Group and Casey M. Jensen for Plaintiff and Respondent.

Wells Fargo Bank, N.A. sued Ramin Kabbai seeking repayment of money drawn from his home equity credit line.  Wells Fargo moved for summary judgment based on evidence showing Kabbai owed an outstanding principal balance of $119,655.78.  Kabbai opposed the motion based on a statute of limitations defense.  The court found the undisputed evidence established Kabbai owed $119,655.78 and the evidentiary record did

not support Kabbai's defense as a matter of law. The court thus granted the motion, and entered judgment in Wells Fargo's favor for $119,655.78.

On appeal, Kabbai contends the court erred in granting summary judgment because there are material disputed facts on his statute of limitations defense. We reject this contention and affirm the judgment.

FACTUAL AND PROCEDURAL SUMMARY

Kabbai has provided a limited appellate record. He designated only certain appellate filings, the final judgment, and the court's minute order explaining the grounds for its summary judgment ruling. He did not include the complaint, the parties' moving and opposing memoranda, the parties' evidentiary submissions, or the hearing transcript. Our factual summary is thus necessarily derived solely from the court's minute order and we presume the truth of the court's factual statement. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

In March 2005, Kabbai obtained a loan secured by a first deed of trust on his residence. Two years later, in August 2007, Kabbai and Wells Fargo executed an agreement (Agreement) providing Kabbai with a $120,000 home equity line of credit secured by a second deed of trust on his property. The Agreement required Kabbai to make minimum monthly payments during a 10-year period. After this period, the agreement provided Kabbai with a 30-year repayment period during which the remaining balance must be paid in full. Under the Agreement's terms, upon Kabbai's default in the monthly payments, Wells Fargo had the right to accelerate and demand the entire outstanding amount. Wells Fargo was also entitled to waive this acceleration remedy

2

without waiving its future right to require repayment of the loan upon a subsequent default.

Soon after executing the Agreement, Kabbai withdrew $120,000 from the credit line. Kabbai later defaulted on the first deed of trust, and the trustee on this deed of trust scheduled a foreclosure sale. In December 2009, Kabbai stopped making the required payments on the Wells Fargo home equity line. Nine months later, in September 2010, the property was sold at a foreclosure sale. Wells Fargo did not receive any funds from the foreclosure sale and became a sold-out junior lienholder.

In March 2012, Wells Fargo brought an action against Kabbai, seeking to recover the outstanding principal balance on the funds withdrawn from the credit line. Wells Fargo alleged causes of action for breach of contract, open book account, account stated, and money had and received.

Wells Fargo moved for summary judgment, submitting evidence showing Kabbai owed $119,655.78 from his home equity line. In a late-filed opposition, Kabbai did not challenge the amount of this outstanding balance. But he argued Wells Fargo's claims were barred by the four-year limitations period set forth in Code of Civil Procedure section 337. Kabbai claimed the causes of action accrued when he failed to make a required payment in September 2007, more than four years before Wells Fargo filed the action.

After examining the papers and conducting a hearing, the court granted the summary judgment motion. The court found Wells Fargo met its burden to show Kabbai owed the claimed amount. Regarding Kabbai's limitations defense, the court stated

3

Kabbai waived the right to raise this defense by failing to assert it in his answer. The court alternatively found Kabbai's evidence did not support the defense. The court reasoned:

> "Kabbai's argument assumes the entire principal became due before 3/15/08 (four years prior to this action being filed). The agreement required him to make minimum monthly payments during a ten-year 'draw period.' After the draw period, the account enters a 30-year 'repayment period' during which the remaining balance must be paid in full. Even if Kabbai made only partial payments before 3/15/08, the remaining balance did not automatically become due upon the first insufficient or missed payment. *Trigg v. Arnott* (1937) 22 Cal.App.2d 455, 458 ('acceleration clause does not have a self-operative effect so that the statute of limitations begins to run immediately upon the happening of a default in a payment which the note specifies shall be made on a designated date.') The agreement allows Wells Fargo to delay or partially exercise its rights without waiving them. . . . Thus, Kabbai cannot take advantage of Wells Fargo's decision not to declare the entire balance due immediately upon the first default. Here, Wells Fargo was within its rights not to declare a default until after Kabbai made his last payment on 12/31/2009. This action was timely filed less than four years later."

The court found Wells Fargo was entitled to recover $119,655.78 from Kabbai and entered judgment in this amount, noting that Wells Fargo had waived prejudgment interest and attorney fees and costs.

Kabbai appeals.

DISCUSSION

I. *Appellate Review Principles*

It is a fundamental tenet of appellate law that the lower court's judgment is presumed to be correct. As the party seeking reversal, it is the appellant's burden to provide an adequate record to overcome the presumption of correctness and show

4

prejudicial error.  (See *Denham v. Superior Court, supra*, 2 Cal.3d at p. 564; *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.)

We must make all reasonable inferences favoring the court's order, and must affirm the judgment if any possible grounds exist for the trial court to have reached its conclusions.  (See *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447-448.)  Any ambiguity in the record is resolved in favor of the judgment.  (*Ibid*.)  To overcome this presumption of correctness, Kabbai must show legal error on the face of the appellate record, which consists solely of the clerk's transcript containing four documents:  the final judgment, the minute order (summarized above), the notice of appeal, and the notice designating the appellate record.

Wells Fargo requests we strike Kabbai's briefs because he failed to support his factual assertions with record citations and discussed facts outside the record.  An appellate court is limited to evaluating the facts contained in the appellate record, and an appellant is not permitted to rely on or discuss facts outside the record.  (See Cal. Rules of Court, rule 8.204(a)(1)(C); *Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625.)  Kabbai's briefs violate these fundamental appellate rules.  However, in the interests of justice, we decline to strike the briefs and shall reach the merits of his appeal.  Our factual review is based solely on the matters contained in the appellate record.  (See *Kendall, supra*, 197 Cal.App.3d at p. 625.)

5

## II. *Summary Judgment Standards*

Summary judgment is properly granted when there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) We review a summary judgment de novo. (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 60.) "We liberally construe the evidence in support of the party opposing summary judgment [citation], and assess whether the evidence would, if credited, permit the trier of fact to find in favor of the party opposing summary judgment under the applicable legal standards." (*Millard v. Biosources, Inc.* (2007) 156 Cal.App.4th 1338, 1346.) "[W]here, as here, the underlying facts are not in dispute, the question when a statute of limitations begins to run is one of law, subject to independent review." (*Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.* (2004) 116 Cal.App.4th 1375, 1388 (*Armstrong Petroleum*); see *Internat. Engine Parts, Inc. v. Feddersen & Co.* (1995) 9 Cal.4th 606, 611; *McLeod v. Vista Unified School Dist.* (2008) 158 Cal.App.4th 1156, 1164.)

## III. *Legal Standards Applicable to Kabbai's Limitations Defense*

Kabbai does not dispute the existence of an outstanding debt of $119,655.78 on his Wells Fargo line of credit. But he argues Wells Fargo is barred from seeking repayment because Wells Fargo brought the action more than four years after his initial late payment in September 2007. He relies on the four-year limitations period in Code of Civil Procedure section 337, which applies to the breach of a written agreement. Wells Fargo counters that the six-year statute of limitations set forth in Commercial Code section 3118 applies, and alternatively, the accrual date on the default occurred on

6

December 2009, which is less than four years before the action was filed. Because the record is unclear whether Wells Fargo raised the six-year limitations rule in the proceedings below, we assume for purposes of this appeal that the four-year limitations period governs the action.

The statute of limitations for "[a]n action upon any contract, obligation or liability founded upon an instrument in writing" is four years. (Code Civ. Proc., § 337, subd. 1; *Armstrong Petroleum, supra*, 116 Cal.App.4th at p. 1387.) " 'When an instrument is payable in installments, the cause of action on each installment accrues on the day following the date the installment is due.' [Citation.]" (*White v. Moriarty* (1993) 15 Cal.App.4th 1290, 1299.) However, if there is an acceleration clause allowing the creditor to declare the entire amount due upon a default on an installment amount and the creditor seeks to exercise this right, the statute begins to run when "the creditor, by some affirmative act, manifests his election" to enforce the acceleration clause upon a default. (*Garver v. Brace* (1996) 47 Cal.App.4th 995, 1000; accord, *Jones v. Wilton* (1938) 10 Cal.2d 493, 500 (*Jones*); *Trigg v. Arnott* (1937) 22 Cal.App.2d 455, 458 (*Trigg*).) Even with a mandatory acceleration clause, the limitations period does not accrue until the creditor affirmatively declares a default. (*Trigg, supra*, 22 Cal.App.2d at p. 458.)

IV. *Analysis*

The court found that in August 2007, Kabbai executed a home equity account agreement with Wells Fargo. Having reviewed the contract, the court concluded Wells Fargo agreed to provide Kabbai with a $120,000 line of credit secured by a second deed of trust on property owned by him. In exchange, Kabbai agreed to repay the funds

7

withdrawn by paying a minimum monthly amount during a 10-year period, and then paying the remaining balance during a 30-year repayment period. The contract allowed Wells Fargo to call the entire balance due upon a default in a required monthly payment. The contract also provided that Wells Fargo was entitled to waive its right to assert this remedy upon a missed or inadequate payment, and that it could instead declare the entire amount due upon a subsequent default.

Kabbai stopped making payments on the home equity line of credit after December 2009. At that point he owed a principal balance of $119,655.78, and Wells Fargo declared a default. Less than four years after declaring the default, in March 2012, Wells Fargo filed a complaint seeking to recover the outstanding principal loan balance of $119,655.78.

Kabbai does not dispute any of these facts. On this record, the court properly rejected the limitations defense because Wells Fargo filed the action less than four years after the December 2009 default.

Kabbai contends a triable issue of fact exists on his limitations defense because he presented evidence showing he did not timely pay the September 2007 required payment and he subsequently made payments "in erratic amounts" that were frequently less than the minimum required under the Agreement.

Kabbai does not cite to any facts in the record supporting these assertions. The argument is thus without merit. But even assuming the evidence showed this payment history, the evidence is insufficient to create a triable issue of fact on the limitations defense. Kabbai argues that based on the acceleration clause, the full amount of the loan

8

was due on his first default in September 2007. However, an acceleration clause "is not self-operative; . . . it is for the benefit of the creditor, and the default cannot be taken advantage of by the debtor to mature the indebtedness." (*Jones, supra*, 10 Cal.2d at p. 500; accord, *Trigg, supra*, 22 Cal.App.2d at p. 458.) Under this settled law, Wells Fargo was not required to accelerate the amount owed on the first or any subsequent breach. Wells Fargo was within its contractual rights to first invoke its acceleration remedy upon Kabbai's breach in December 2009, and thus Wells Fargo timely filed its action less than four years later in March 2012.

Kabbai contends there is a triable issue of fact on whether Wells Fargo waived its right to declare a default by accepting late or inadequate payments. This argument is without merit because there is no evidence of these late or missed payments. But even assuming this evidence existed, it is undisputed the parties' agreement contained a clause providing that Wells Fargo had the right to delay or partially exercise its rights without waiving its rights to later declare a default. Based on this clause, and absent any evidence showing Wells Fargo manifested an intent to waive this provision or engaged in conduct reflecting a waiver, Kabbai's waiver argument fails as a matter of law.

In support of his waiver argument, Kabbai cites *Bowman v. Santa Clara County* (1957) 153 Cal.App.2d 707 and *Rubin v. L. A. Fed. Sav. & Loan Assn.* (1984) 159 Cal.App.3d 292. These decisions are inapplicable because in those cases there was no evidence that a written agreement between the parties expressly provided that the plaintiff did not waive its rights to enforce the contract by accepting inadequate performance.

9

Moreover, in those cases there was evidence supporting a waiver *in addition to the mere acceptance of inadequate payments*. In this case, there was no such evidence.

## DISPOSITION

Judgment affirmed. Appellant to bear respondent's costs on appeal.


HALLER, J.

WE CONCUR:


HUFFMAN, Acting P. J.


O'ROURKE, J.