[L. A. No. 3207.   In Bank.—March 31, 1914.]

A. J. STALDER et al., Respondents, v. RIVERSIDE GROVES AND WATER COMPANY (a Corporation), Defendant and Appellant; W. J. HOLE, Defendant.

PROMISSORY NOTE—DEFAULT IN PAYMENT—EXERCISE OF OPTION TO DECLARE PRINCIPAL DUE.—The payee of a promissory note fails effectively to exercise his option to declare the whole amount of principal and interest due because of the default of the maker in paying interest, where he writes a letter to the maker declaring the whole amount due, but the letter does not reach the maker until after a check, mailed by the maker for the overdue interest, reaches the payee.

ID.—ELECTION TO DECLARE NOTE DUE—NECESSITY OF POSITIVE ACT.—While a provision in a promissory note that in case of default in the payment of interest both principal and interest shall become due and payable at the option of the holder of the note, does not make it incumbent upon the payee, as a condition to the exercise of his option, to give notice to the maker that he has declared the principal due, he must do some positive act to indicate an exercise of the option.

ID.—TERMINATION OF RIGHT TO EXERCISE OPTION.—The right to declare the principal due may be claimed or waived by the payee, and until he has claimed it, the maker may terminate the right by a proper tender of the overdue interest.

APPEAL from an order of the Superior Court of Riverside County refusing a new trial.   F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Watkins & Blodget, for Appellant.

McFarland & Irving, for Respondents.

SLOSS, J.—The defendant, Riverside Groves and Water Company, appeals from an order denying its motion for a new trial.

On July 24, 1909, said defendant made its promissory note, whereby it promised to pay to plaintiffs, on or before January 2, 1912, the sum of $3,627, with interest thereon at the rate of ten per cent per annum, payable semi-annually.   Principal

and interest were made payable at Riverside, and the note provided that if default should be made in the payment of any interest when due, "both principal and interest shall thereafter be due and payable at the option of the holders of this note." The note was secured by a mortgage of real property.

On February 17, 1911, the plaintiffs commenced this action to foreclose the mortgage, alleging that the maker of the note had failed to pay the interest due on the twenty-fourth day of January, 1911, and that on the twenty-fifth day of January, 1911, the plaintiffs had exercised their option to declare both principal and interest due and payable. These allegations were denied by the defendant corporation.

The findings were in favor of the plaintiffs on the foregoing issues, and judgment of foreclosure followed. The sufficiency of the evidence to sustain these findings is challenged by the appellant.

There is little, if any, dispute about the facts. The single question for decision is whether, on such facts as appear without conflict, the respondents were entitled, by reason of default in the payment of interest, to treat the principal sum of the note as due in advance of the date fixed for maturity.

The appellant, maker of the note, had its office in the city of Los Angeles. The respondents resided at Riverside. On January 24, 1911, the appellant posted at Los Angeles a letter, addressed to respondents at Riverside, containing a check for the amount of interest due on that date. The letter and check reached one of the plaintiffs on the following day, January 25th, at about six o'clock P. M. Earlier on said twenty-fifth day of January, the other plaintiff had directed an attorney to notify the maker that the plaintiffs had elected to declare principal and interest due for failure to pay the interest due on the twenty-fourth day of January. Pursuant to such direction, said attorney wrote a letter to appellant, notifying it that plaintiffs had thus declared the entire sum due. This letter did not reach the appellant until the twenty-sixth day of January, the day after the check for the interest had come to the hands of one of the plaintiffs. On the twenty-sixth day of January the attorney wrote to appellant again, returning its check and repeating the statement that the principal of the note had been declared due by the payees for default in payment of interest. No objection was made to

the form of payment, the sole ground for refusing to accept the check being that it had not been received on the twenty-fourth day of January, the day when interest was due.

Under these circumstances, we think the court below should have held that the maker had tendered payment of the interest before the payees had effectively exercised their option of declaring the principal due.

The case is similar in principle to *Trinity County Bank* v. *Haas,* 151 Cal. 556, [91 Pac. 385]. There, as here, an interest payment had not been made when due. It had, however, been tendered before the payee had manifested its election to declare the principal due, either by commencing action or by notifying the maker of such election. This court, while recognizing that a provision like the one in the note here before us does not make it incumbent upon the payee, as a condition to the exercise of his option, to give notice to the maker that he has declared the principal due, laid down the rule that the payee must do some positive act to indicate an exercise of the option. The right to declare the principal due may be claimed or waived by the payee, and until he has claimed it, the maker may terminate the right by a proper tender of the overdue interest. In the case cited it was held, further, that the maker could not exercise his option either by reaching a mental decision to declare the principal due, or by directing his attorneys to institute an action on the note.

Here the respondents had, at the time when the check reached them, done nothing more than to instruct their attorney to notify the appellant that they had declared the note due. The attorney had written as instructed, but his notification had not reached the maker, While notice to the maker of the exercise of the option was not essential, such notice was the method chosen by the payees to evidence their determination to claim the right conferred upon them by the terms of the note. The giving of such notice was the act fixing the rights of the parties. The attorney, in giving the notice, was the agent of the payees, not of the maker. A mere deposit in the mails did not, therefore, constitute a completed declaration of the maturity of the principal. The declaration was not complete until the notice reached the maker. Until then, the payees had done no more than was done in *Trinity County Bank* v. *Haas,* viz., to instruct their agent to take steps which,

if carried out, would amount to an exercise of their option. In the mean time, the overdue interest had been tendered, and the right to carry into effect the contemplated, but unexecuted, act of declaring the principal sum due, was gone.

The result of the views stated is that the findings regarding the exercise by plaintiffs of their option must be held to be without support in the evidence.

The order denying a new trial is reversed.

Shaw, J., Melvin, J., and Lorigan, J., concurred.