## Richmond

HENRY A. FLORANCE, TRUSTEE, ET AL. v. HARRY P. FRIEDLANDER, TRUSTEE, ET AL.

January 20, 1969.

Record No. 6800.

Present, Eggleston, C.J., Snead, I'Anson, Carrico, Gordon and Harrison, JJ.

*Griffin T. Garnett, Jr. (Peter J. Kostik; Garnett, Hunter & Diamond, on brief), for appellants.*

*Harry P. Friedlander (Friedlander and Friedlander, on brief), for appellees.*

SNEAD, J., delivered the opinion of the court.

On January 30, 1967, H. A. Florance, trustee, and Ralph B. Corron, trustee, makers of a certain deed of trust note and deed of trust, hereinafter referred to as complainants, filed a bill of complaint

against Wisconsin Development Co. Inc., noteholder, and Harry P. Friedlander and Mark P. Friedlander, trustees under the deed of trust, defendants. The complainants prayed, among other things, that the note and deed of trust be reformed, changing the date on both instruments from May 6, 1966 to May 23, 1966,[1] the date settlement on the sale of the real estate was made, and that the defendants be enjoined and restrained from foreclosing on the property advertised to be sold by defendant trustees on February 3, 1967. An *ore tenus* hearing was had on February 1. At the conclusion of the testimony and argument by counsel, the chancellor ruled that the advertisement of the notice of sale was void as not being in accordance with the terms of the deed of trust and the sale should be enjoined; that complainants had no "authority" to mail an interest payment on November 7, 1966, the date it was due; that the payment of interest was not paid on the due date and the noteholder had properly exercised his option to accelerate the deed of trust note and declare the entire indebtedness due; that complainants were not entitled to a reformation of the instruments or a permanent injunction as prayed for.

The chancellor's rulings were embodied in a decree entered February 6, 1967. The complainants objected and excepted to all rulings except the one holding that the advertisement of notice of sale on February 3, was void. Error has been assigned accordingly. We granted complainants an appeal from the decree.

The facts are not in dispute. Under a contract, dated January 13, 1966, complainants agreed to purchase from defendant Wisconsin Development Co., Inc. property containing approximately three acres in the vicinity of Merrifield in Fairfax county for the sum of $110,000, free and clear of encumbrances. The agreement called for the payment of $22,000 cash on the date of conveyance and for a deferred purchase money note in the sum of $88,000 secured by a deed of trust on the subject property.

The parties agreed that settlement be made on May 6, 1966 at a designated place, and the deed of bargain and sale, the note and deed of trust were prepared in advance and bear that date. Settlement was delayed, however, because of the failure of Wisconsin Development to secure the release of an existing deed of trust on the property in the amount of $88,000. The deed of trust note secured thereby was subsequently obtained marked "paid", delivered to the

---

[1] The record shows that settlement was made on May 24, 1966.

settlement attorney on May 24 and the transaction was completed on that day.

The $88,000 deed of trust note, dated May 6, 1966, executed by complainants was made payable to the order of defendant Wisconsin Development Co., Inc. and bears interest at the rate of 6% per annum, payable as follows: "Interest only six (6) and twelve (12) months after date and commencing eighteen (18) months after date, and continuing every six (6) months thereafter, said note is payable in semi-annual installments of Five Thousand Five Hundred and no/100 Dollars ($5,500.00), plus interest until paid in full; except that the entire balance, if not sooner paid, shall be due and payable in full on or before one hundred eight (108) months (9 years) after date."

The deed of trust securing the note contains an acceleration clause. It provides: "The said grantor covenants that upon default being made in the payment of the indebtedness hereby secured when and as same shall become due and payable, * * * then upon any and every such default so made the entire balance shall become due and payable, at the option of the holder of said indebtedness, * * *". The note also provides for acceleration upon default at the option of the holder.

By letter dated October 6, 1966, Arthur L. Willcher, attorney for Wisconsin Development, advised complainants that an interest payment in the amount of $2,640 would be due on their note on November 7, 1966. (November 6 was a Sunday). The letter concluded: "You may forward your remittance to cover this interest payment at my office * * * Washington, D. C.".

On November 7, complainants mailed from Arlington, Virginia a check, dated the same day, in the sum of $2,640 as payment for interest due to Wisconsin Development at the address in Washington, D. C. designated by Willcher in his letter. By letter dated November 8, Willcher informed complainants that the payment for interest had not been received and that "you are hereby notified that the entire note of $88,000.00 plus accrued interest is demanded in accordance with the acceleration clause in such note and deed of trust". This letter was received by the complainants on November 9. By letter dated November 9, Willcher advised complainants that he had just received the envelope dated November 7 containing the check; that the payment was not acceptable and that as previously advised the note had been accelerated. The complainants received

this letter on November 10, and on the same day sent the interest payment check again to Wisconsin Development. It remains uncashed.

■ In our view the dominant question involved in this appeal is whether the chancellor erred in holding that Wisconsin Development, the noteholder, exercised timely and effectively the option under the note and deed of trust to accelerate maturity of the indebtedness. In resolving this issue we assume, without deciding, that there was a default.

In 36 Am. Jur., Mortgages, § 400, pp. 887, 888, it is said:

"* * * [T]he prevailing rule is to the effect that a tender of arrears due on a mortgage containing an acceleration clause, made before the holder of the mortgage has exercised his option to declare the entire amount of the debt due, prevents the exercise of such option. This is true whether the default was in relation to principal, interest, or taxes. The basis of this rule is said to be that after a tender there is no longer any default which is the foundation of the right to exercise the option. * * *" See also 59 C.J.S., Mortgages, § 495(6), pp. 796, 797.

It is essential for a valid exercise of an option to accelerate the maturity of a note that the noteholder do some positive act to indicate that the option has been exercised. This may be accomplished by notice to the maker, or some overt, unequivocal act calculated to apprise the maker effectively of the fact that the option has been exercised. In the case at bar the noteholder chose the method of written notice. While such notice is not a condition precedent to an effective exercise of the option, if it is the only method resorted to, to be complete and effective it must reach the maker. 5 A.L.R.2d § 4, pp. 972, 973 and cases there cited.

In *Stalder et al.* v. *Riverside Groves and Water Co.*, 167 Cal. 560, 140 P. 252, the maker of a note stipulated that on default in payment of interest, the principal and interest would become due at the option of the noteholder. On the date that an interest payment was due the maker mailed a check to the noteholders which was not received until the next day. Prior to the receipt of the check on that day the noteholders' attorney, pursuant to instructions, wrote the maker a letter advising that the noteholders had exercised their option to declare the principal and interest due. This letter was received by the maker the day after the noteholders had received the check for the interest due. The attorney for the noteholders re-

turned the check and repeated in the accompanying letter that the entire indebtedness had been declared due.

In the course of the opinion the court said: "While notice to the maker of the exercise of the option was not essential, such notice was the method chosen by the payees to evidence their determination to claim the right conferred upon them by the terms of the note. * * * A mere deposit in the mails did not, therefore, constitute a completed declaration of the maturity of the principal. The declaration was not complete until the notice reached the maker. * * * In the meantime, the overdue interest had been tendered, and the right to carry into effect the contemplated, but unexecuted, act of declaring the principal sum due, was gone." 167 Cal. 562, 563, 140 P. 253, 254.

■ In the case at bar notice of acceleration and the check for interest due were both received on the same day. The record does not show which actually arrived first. While we recognize that a line must be drawn beyond which tardy payment cannot defeat acceleration, in the absence of some specific provision in the note or deed of trust we will not draw such a line through the middle of the day. We hold that the receipt of the check by the noteholder was sufficient to constitute tender; that this tender of the interest payment and the notice of acceleration were simultaneous, and resolve the resulting conflict in favor of the maker of the note. That is, the tender of payment of the interest due cut off the alleged right of the noteholder to exercise the option to accelerate the maturity of the indebtedness. To hold otherwise would be harsh and inequitable.

In view of this holding it is unnecessary for us to discuss the other issues raised in the assignments of error relied upon.

For the reasons stated the decree appealed from is reversed, and the case remanded with direction that the trial court permanently enjoin defendants from foreclosing on the subject property for the alleged default in payment of interest on November 7, 1966.

*Reversed and remanded.*