816 F.2d 671
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fred Gene DAVIS and Gerald Wayne Hancock, Plaintiff-Appellants,
v.
Tucker W. McLAUGHLIN, Defendant-Appellee.
 No. 86-3098.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 6, 1987.
Decided April 2, 1987.
 
 Before WIDENER and CHAPMAN, Circuit Judges, and SIMONS, United States District Judge for the District of South Carolina, sitting by designation.
 Douglas G. Eisele (Raymer, Lewis, Eisele, Patterson & Ashburn, on brief), for appellants.
 Richard D. Ramsey (Ramsey & Grace, on brief), for appellee.
 PER CURIAM:
 
 
 1
 This appeal questions whether the tender of past-due payments prior to notice of acceleration bars the payee from thereafter accelerating the maturity of the entire indebtedness. The court below held that under such circumstances Virginia law would bar acceleration. We affirm.
 
 
 2
 In February, 1981, Fred Davis and Gerald Hancock, a minor, together with Hancock's mother, Geraldine, sold their common stock in a Virginia Corporation known as Edmunds Street Oil Corporation to Tucker McLaughlin. As a part of the sale, McLaughlin executed, in South Boston, Virginia, two promissory notes in favor of the appellants and a third promissory note to Geraldine Hancock. The notes provided for monthly installment payments beginning January 2, 1984. Tucker McLaughlin or his son, William W. McLaughlin, made timely payments to the plaintiffs through October, 1985.
 
 
 3
 Each note provided that payments were to be due by the second day of the month and would be considered in default if not made by the second day of the following month, and each note also contained the following provision:
 
 
 4
 In the event of default in the payment of any installment of this note, and such default is not made good prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.
 
 
 5
 The installment due to Fred Davis on November 2, 1985, was not received until December 2, 1985. The installment check was immediately presented for payment, but it bounced. On December 10, 1985, Davis received a replacement check drawn on the personal account of William McLaughlin. This check was hand-delivered for payment on the next day, but it, too, bounced. On January 2, 1986, William McLaughlin sent a check to Davis to cover the installments of November 2, 1985, and December 2, 1985. This second replacement check was never deposited by Davis and was returned to McLaughlin.
 
 
 6
 The installments due to Gerald Hancock and to his mother had been paid by single checks written to both. The installment due the Hancocks was not paid on November 2, 1985. No payment was tendered to the Hancocks until January 3, 1986, when William McLaughlin sent a check for the installments due November 2, 1985 and December 2, 1985. The Hancocks returned this check to William McLaughlin. This suit was filed very soon thereafter, alleging that Tucker McLaughlin had defaulted in his payments and that the entire remaining balance should be accelerated, and a judgment entered for such amount.
 
 
 7
 Subsequent installment payments tendered by the McLaughlins have been rejected.
 
 
 8
 The district court held that the language of the default provision in the note is not self-operative, and that a payee must take some affirmative action evidencing his election to take advantage of the acceleration provision. Ample case law supports this. Florance v. Friedlander, 209 Va. 520, 165 S.E.2d 388 (1969). While the institution of a lawsuit is a sufficient affirmative action to exercise a payee's option to accelerate a note, the general rule is that tender of payment after default prevents acceleration of the debt if tender is made before an affirmative action is taken to exercise the option to accelerate. Ibid.; see also, Carolina Commercial Bank v. Allendale Furniture Co., 312 S.E.2d 569, 571 (S.C.App.1984).
 
 
 9
 We find no merit in appellants' contention that the tender by William McLaughlin, rather than by the debtor Tucker McLaughlin, was inadequate. William McLaughlin cannot be seen as a third party intermeddler. He was in business with his father, and the appellants previously accepted payments made by him.
 
 
 10
 Finally, we conclude that the district court correctly disposed of appellants' claim that payments by a bank check are not good tender. The general rule, as recognized by the court below, is that the offer of a bank check for an amount due is not good tender, even if the check be certified, but a creditor's potential objection to tender of a bank check is waived if there is no timely objection to this form of tender. Appellants had repeatedly accepted checks on the defendant's behalf, and they had made no demand that tender be made in any other fashion.
 
 
 11
 As the district court pointed out, appellants are not prevented from ever accelerating notes as long as someone continues to send checks to them. They may accelerate payments on default, but only if they notify the debtor of the acceleration before he tenders payment.
 
 The judgment of the court below is
 
 12
 AFFIRMED.