PRESENT:  All the Justices

BAYVIEW LOAN SERVICING, LLC

                                        OPINION BY
v. Record No. 062715              JUSTICE G. STEVEN AGEE
                                        January 11, 2008
JANET SIMMONS

            FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                       James V. Lane, Judge

     Bayview Loan Servicing, LLC appeals from the judgment of

the Circuit Court of Rockingham County, awarding Janet M.

Simmons $156,809.46 in damages resulting from the foreclosure

sale of Simmons' property.  The circuit court determined Bayview

breached a notice obligation under a deed of trust securing her

property.  On appeal, Bayview argues that the circuit court

erred in holding that Bayview breached any obligation to Simmons

because, under Code § 55-59.1(A), a properly executed notice of

a foreclosure sale subsumed any contractual notice obligation in

the deed of trust.

     For the reasons set forth below, we will affirm the

judgment of the circuit court.

            I.   RELEVANT FACTS AND PROCEEDINGS BELOW

     Donald and Janet Simmons owned a 3.08-acre parcel of land

situated in Rockingham County ("the Parcel"),[1] which they

conveyed by deed of trust on May 8, 1998, ("the Deed of Trust")

_____

     [1] On June 7, 2001, the Simmonses conveyed the Parcel to
Janet Simmons as the sole owner, and Donald Simmons is not a

to Arthur Friedman, trustee, for the benefit of CommonPoint Mortgage Co. to secure a note in the principal amount of $134,532.00, plus interest ("the Note").[2] On September 18, 2002, after several intervening assignments, Wachovia Bank, N.A. ("Wachovia"), apparently became the assignee and beneficiary of the Deed of Trust and Bayview became the holder of the Note. Bayview acted as Wachovia's servicing agent for the Deed of Trust.[3]

By April 2004, Simmons was substantially in arrears on the monthly payments due under the Note. On February 23, 2005, Bayview purportedly sent Simmons a letter by first-class mail notifying her that her account was past due in the amount of $31,942.23 and that the Note would be accelerated, the full balance would be due and payable, and foreclosure proceedings would begin if the past due amount was not paid within thirty days. Simmons denied ever receiving the letter.

On May 19, 2005, pursuant to Code § 55-59(9), Bayview substituted Specialized, Inc. of Virginia ("Specialized") as

party to the case at bar. Unless otherwise indicated, "Simmons" refers to Janet Simmons.

[2] A pre-existing deed of trust on the Parcel secured a separate indebtedness of Simmons but is not the subject of the case at bar. The Deed of Trust was a second lien on the Parcel.

[3] Although the circuit court's findings of fact recite Bayview as the Noteholder, Wachovia as the assignee of the Deed of Trust, and Bayview as the servicer of the Deed of Trust, the parties raise no issue as to any difference that would make as to Bayview's liability under the Deed of Trust in this case.

2

trustee under the Deed of Trust. On June 28, 2005, Specialized notified Simmons by letter that her account was in default, that payment had been accelerated due to that default, and that the Parcel would be sold at foreclosure on July 13, 2005. Although the June 28 letter was sent by certified mail, it was not claimed and was returned to Specialized by the United States Postal Service.

On July 13, 2005, the Parcel was sold at foreclosure auction to a third-party bidder for $172,000.00. Simmons did not learn of the foreclosure sale until two days later, on July 15, 2005. On the date of the foreclosure sale, the Parcel had a fair market value of $358,000.00.

Simmons timely filed an amended Complaint in the Circuit Court for Rockingham County alleging breach of contract by Bayview under the Deed of Trust. Simmons alleged that Paragraph 17 of the Deed of Trust required a pre-acceleration notice of breach and the action required to cure the breach prior to acceleration of any indebtedness secured by the Deed of Trust and that Paragraph 12 of the Deed of Trust required that notice be delivered or sent by certified mail. Simmons then alleged neither personal nor certified mail delivery of the pre-acceleration notice was made and therefore no right to accelerate the indebtedness secured by the Deed of Trust had

3

accrued.  Consequently, Simmons claimed no right to foreclose had matured.[4]

Bayview responded that its letter of February 23, 2005, constituted substantial compliance with the requirements of the Deed of Trust; that Simmons had not provided credible evidence to overcome the presumption that she had received the February 23 notice; that Simmons had actual knowledge of delinquency and had evaded receipt of notice; and that the notice of foreclosure sale under Code § 55-59.1(A), which was sent by certified mail, satisfied the pre-acceleration notice required by the Deed of Trust.  Bayview did not contest that the February 23, 2005, letter was not sent by certified mail.

After a hearing, the circuit court made the specific factual finding that Simmons presented credible evidence that she had not received the February 23 letter.[5]  Bayview was thus "required to prove that Plaintiff had actual knowledge of the pre-acceleration notice of the foreclosure sale."  The circuit court determined that Bayview failed in its proof that Simmons had actual knowledge of the pre-acceleration notice.  The

_____

[4] Paragraph 12 provides, in relevant part, that:
Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address.
[5] Bayview did not assign error to this finding of fact by the circuit court.

4

circuit court then held that Bayview breached its obligations under the Deed of Trust as the right to accelerate the indebtedness and sell the Parcel at foreclosure had never matured due to Bayview's failure to give the pre-acceleration notice required under Paragraph 17 of the Deed of Trust in the manner required by Paragraph 12 of that instrument. The circuit court also concluded that Simmons had not waived her right to notice and opportunity to cure default; that Code § 55-59.1(A) did not protect Bayview from liability by merging the pre-acceleration notice with the notice of foreclosure sale Specialized sent Simmons by certified mail; and that Bayview's breach was the proximate cause of Simmons's loss of $156,809.46 equity in the Parcel.[6] The circuit court then entered judgment for Simmons against Bayview in the amount of $156,809.46.[7] We awarded Bayview this appeal.

---

[6] To determine the measure of damages, the circuit court began with the Parcel's appraised fair market value of $358,000.00 and then subtracted all liens and encumbrances, including $32,405.80 secured by the first deed of trust, $168,743.79 secured by the Deed of Trust, and $40.95 in pro rated real property taxes, to arrive at the $156,809.46 amount.

[7] The amended Complaint also named as parties defendant the purchaser of the property at the foreclosure sale, his lender, and the trustee of his deed of trust, and sought to set aside the foreclosure sale. Simmons subsequently settled with the foreclosure purchaser and non-suited the related claims, which are not within the scope of this appeal.

II. ANALYSIS

Bayview argues in its sole assignment of error that the circuit court erred in failing to hold that, under Code § 55-59.1(A), the notice of proposed foreclosure sale from Specialized "effectively exercise[d] the right of acceleration expressly contained in the deed of trust." This assignment of error raises a question of law, which we review de novo. Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 925 (2006) (citing Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003)).

Bayview relies on Code § 55-59.1(A), which provides, in pertinent part, that:

> The written notice of proposed sale when given as provided herein shall be deemed an effective exercise of any right of acceleration contained in such deed of trust or otherwise possessed by the party secured relative to the indebtedness secured. The inadvertent failure to give notice as required by this subsection shall not impose liability on either the trustee or the secured party.

Bayview argues that Specialized's notice "exercise[d] the right of acceleration" in the Deed of Trust by virtue of the specific language in that statute, thus obviating any requirement to meet the certified mail provision in Paragraph 12 of the Deed of Trust. Neither Bayview nor Simmons disputes that the notice of foreclosure sale that Specialized sent on June 28, 2005, to Simmons by certified mail satisfied the requirements of Code

6

§ 55-59.1(A), but Simmons contends the statute does not apply in this case.

Simmons argues that Bayview's right of acceleration under the Deed of Trust had not accrued on June 28, 2005, when Specialized sent the foreclosure notice. Therefore Specialized's notice of foreclosure sale was effectively a nullity, because it could not exercise a right of acceleration that had not matured as a result of Bayview's failure to provide the pre-acceleration notice required by the Deed of Trust. In other words, Simmons contends that the pre-acceleration notice under the Deed of Trust is a condition precedent to the accrual or maturing of a right to accelerate the indebtedness secured by the Deed of Trust and that this condition precedent was not fulfilled. Simmons relies on the language of Paragraph 17 that: "Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof." Paragraph 17 further provides that only "[i]f the breach is not cured on or before the date specified in the [pre-acceleration] notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable."

Bayview concedes that the pre-acceleration notice is "a contractual condition on the acceleration of defaulted debt." However, Bayview contends that such a contractual condition is superseded by Code § 55-59.1(A). Bayview contends the pertinent

7

language in that statute, "[t]he written notice of proposed sale . . . shall be deemed an effective exercise of any right of acceleration contained in such deed of trust," was added by the General Assembly in 1976 to derogate the decision of this Court in Sharpe v. Talley, 215 Va. 615, 212 S.E.2d 273 (1975).

Sharpe, Bayview argues, is closely analogous to the case at bar. There, this Court held that notice of acceleration must be complete and effective prior to a foreclosure sale, found the notice provided to the debtor ineffective, and remanded the case for an award of monetary damages to the debtor against the beneficiary of the deed of trust. Sharpe, 215 Va. at 622-23, 212 S.E.2d at 277-78. Bayview asserts the General Assembly modified former Code § 55-59(6), subsequently recodified as Code § 55-59.1(A), to include the current statutory language cited above and allow notice of acceleration to be merged with the notice of foreclosure sale, notwithstanding any contrary provision in the Deed of Trust.

Bayview misreads the scope of Code § 55-59.1(A) and any analogy to the Sharpe case. While Bayview is correct that a notice of foreclosure sale, as represented by Specialized's June 28, 2005, letter to Simmons, could act as the exercise of the "right of acceleration" under the Deed of Trust, Code § 55-59.1(A) does not establish a statutory mandate as to whether such "right of acceleration" is in existence and capable of

8

being exercised by the foreclosure notice.  Such a determination remains a matter of contract between the parties, as represented by Paragraph 17 of the Deed of Trust.

In Paragraph 17 of the Deed of Trust, the parties agreed no right of acceleration would be in existence to exercise (in other words, that no such right would have accrued to Bayview) until the condition precedent of providing the pre-acceleration notice had been satisfied.  That condition precedent required a notice by personal delivery or certified mail specifying:

> (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property.

As noted above, this required notice was not given and thus the condition precedent to Bayview's right of acceleration was never met.  Because Bayview did not comply with the specific condition precedent under the Deed of Trust, prior to the notice of foreclosure sale by Specialized, Bayview had not acquired the right to accelerate payment under the terms of the Deed of Trust.  Thus, Specialized's June 28, 2005, letter could exercise no right of acceleration because no such right had then accrued to Bayview.

The statutory cure of Code § 55-59.1(A) is of no benefit to Bayview because it had not acquired the right to accelerate the

indebtedness secured by the Deed of Trust when the foreclosure notice was issued. While Code § 55-59.1(A) does allow a proper notice of foreclosure sale to exercise an accrued right of acceleration, Bayview failed to fulfill the contractual condition precedent that would have given it such a right.

Bayview's citation to Sharpe is without merit and has no application to this case. In Sharpe, we determined that the language used in the deed of trust in that case created a condition subsequent, requiring notification to a borrower that his loan had been accelerated in order to complete the exercise of the right of acceleration prior to foreclosure. 215 Va. at 620, 212 S.E.2d at 276. We said "[i]t is essential for a valid exercise of an option to accelerate the maturity of a note that the noteholder do some positive act to indicate that the option has been exercised. . . . While such notice is not a condition precedent to an effective exercise of the option . . . it must reach the maker." Id. (quoting Florance v. Friedlander, 209 Va. 520, 523, 165 S.E.2d 388, 391 (1969)) (internal marks omitted) (emphasis added).

Thus, the notice in Sharpe was required *after* the noteholder had accelerated the indebtedness and there was no issue that a right of acceleration had accrued to the noteholder, only a question of how that existing right was exercised. Even if the General Assembly created Code § 55-

10

59.1(A) to overturn that result, it has no application when the right to accelerate has not accrued.

Bayview had no right of acceleration at the time that the notice of foreclosure sale was sent. Accordingly, Code § 55-59.1(A) does not cure Bayview's contractual breach under the Deed of Trust or immunize Bayview from its liability to Simmons for her lost equity in the Parcel sold in foreclosure. Therefore, the circuit court did not err by entering judgment in favor of Simmons.

CONCLUSION

For the foregoing reasons, we will affirm the judgment of the circuit court.

Affirmed.