# CIRCUIT COURT OF NELSON COUNTY

Richard Mathews
and Karen Mathews

    v.

PHH Mortgage Corporation
and Professional Foreclosure
Corporation of Virginia

January 24, 2011

Case No. CL09000362-01

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to furnish my opinion on the demurrer in this case.

After consideration, I sustain the demurrer and dismiss the complaint. My reasons for this ruling are set forth below. Under the allegations of the complaint, Mr. and Mrs. Mathews entered into a mortgage loan in June 2002. They executed a note and deed of trust for a loan in the principal sum of $118,505.00. This is an FHA loan that was originally obtained through the University of Virginia Community Credit Union. PHH Mortgage Corporation ("PHH") is the current holder of the note secured by the deed of trust.

Mr. and Mrs. Mathews fell into arrears on the note. PHH, through its substitute trustee, Professional Foreclosure Corporation of Virginia ("PFC"), instituted foreclosure against the real estate that secured the note. Mr. and Mrs. Mathews thereupon instituted these proceedings to stop the foreclosure proceeding.

Mr. and Mrs. Mathews maintain that PHH and PFC cannot proceed with the foreclosure proceedings at this time because the FHA regulations have not been complied with by PHH, the mortgagee. Specifically,

they maintain that 24 CFR 203.604 has not been complied with by the mortgagee. That regulation provides in part: "[T]he mortgagee must have a face-to-face interview with the mortgagor . . . or make a reasonable effort to arrange such meeting within 30 days after such default or at least 30 days before such foreclosure is commenced. . . ." However 24 CFR 203.604 provides an exception to this requirement where the mortgaged property "is not within 200 miles of the mortgagee, its servicer, or branch office of either."

Mr. and Mrs. Mathews maintain that PHH cannot foreclose because it has not complied with this HUD regulation and arranged a face-to-face meeting. It maintains that PHH does have branch offices within 200 miles of the mortgagee, and thus the exception does not apply. PHH and PFC, on the other hand, maintain that this regulation is not applicable to the relationship between the mortgagor and mortgagee, that there is not an appropriate PHH office within 200 miles of Mr. and Mrs. Mathews, and that Mr. and Mrs. Mathews have breached the mortgage contract through their default and thus cannot assert a default by PHH.

A deed of trust is a contractual obligation of the parties. In *Bayview Loan Servicing v. Simmons*, 275 Va. 114, 654 S.E.2d 898 (2008), the Supreme Court applied principles of contract construction to the provisions of a deed of trust. *Id.*, 275 Va. at 120-22, 654 S.E.2d at 901. Paragraph 9(d) of the deed of trust dated June 28, 2002, provides in part: "[T]his Security Instrument does not authorize acceleration or foreclosure if not permitted by the regulations of the secretary." These regulations obviously include 24 CFR 203.604. Accordingly, the contractual terms of the deed of trust do require that a mortgagee such as PHH have a face-to-face interview with the mortgagor within thirty days after the default, or at least thirty days before the foreclosure, so long as a branch office is within 200 miles of the mortgaged property.

The analysis, however, does not stop at this point. The Department of Housing and Urban Development ("HUD"), the agency governing FHA, has officially interpreted the term "branch office" in 24 CFR 203.604 to mean a "servicing office." The parties concede that, while there are FHA branch offices within 200 miles of the mortgaged property in this case, there is no servicing office within a 200 mile radius. Accordingly, it is the position of PHH and PFC that 24 CFR 203.604 is not applicable in this case. I agree with this analysis.

The regulation does not define the meaning of branch office. Clearly there can be more than one type of office to address various aspects of FHA mortgage loans. Among the offices that can constitute a branch office are a loan origination office that actually issues loans, a servicing office that services loans that have already been issued, and an office that performs both functions. Thus, the regulation requiring a face-to-face meeting contains an ambiguity.

The Supreme Court of the United States has recognized that "considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer and the principal of deference to administrative interpretations. *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837, 844, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984). Deference to the interpretation of a regulation by an agency that created it is appropriate unless "plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461, 117 S. Ct. 905, 137 L. Ed. 2d 79 (1997). Further, the Supreme Court of the United States has held that interpretations contained in policy statements, guidelines, etc. are entitled to "some deference" and "entitled to respect" to the extent those interpretations have the power to persuade. *Christensen v. Harris County*, 529 U.S. 576, 587, 120 S. Ct. 1655, 146 L. Ed. 2d 621 (2000).

I find that the interpretation by HUD to Regulation 24 CFR 203.604 is entitled to deference because it is persuasive to the court. The only way that a face-to-face meeting can be productive is if it is conducted by persons adequately trained to discuss the delinquency and payment options. Only a servicing office would be equipped with personnel to meet this function. Therefore, the HUD interpretation of this regulation is appropriate. Because there is no servicing office within 200 miles of the property subject to the mortgage, 24 CFR 203.604 does not apply in this case.

Additionally, under common law standards, Mr. and Mrs. Mathews are not entitled to insist upon the adherence to 24 CFR 203.604 incorporated into the mortgage instrument. As noted above, a deed of trust is a contractual document. Under the allegations of the complaint, Mr. and Mrs. Mathews defaulted on the loan payments. Paragraph 14 of the deed of trust provides that it is governed by Federal law and the law of the jurisdiction in which the property is located.

It is the common law of Virginia that a party who commits the first breach of contract is not entitled to enforce the contract. *Horton v. Horton*, 254 Va. 111, 115, 487 S.E.2d 200, 203 (1997). Further, if the initial breach is material, the other party is excused from performing his contractual obligations. *Countryside Orthopaedics, P.C. v. Peyton*, 261 Va. 142, 154, 541 S.E.2d 279, 285 (2001).

Clearly, Mr. and Mrs. Mathews have materially breached the contract. The failure to make payments goes to the very essence of a deed of trust securing a promissory note. Accordingly, under the common law of Virginia, they cannot assert a breach of contract against the defendants when they have not met their contractual obligations.