**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1127

HIPOLITO J. ESTRELLA; SALVACION H. ESTRELLA,

       Plaintiffs - Appellants,

    v.

WELLS FARGO BANK, N.A.; THE FEDERAL HOME LOAN MORTGAGE
CORPORATION; SAMUEL I. WHITE, P.C.,

       Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Mark S. Davis, District
Judge.  (2:11-cv-00414-MSD-TEM)

Submitted:  November 20, 2012     Decided:  November 29, 2012

Before WILKINSON, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henry W. McLaughlin, III, LAW OFFICE OF HENRY W. MCLAUGHLIN,
P.C., Richmond, Virginia, for Appellants.  Hunter W. Sims, Jr.,
David J. Sullivan, KAUFMAN & CANOLES, P.C., Norfolk, Virginia,
for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hipolito and Salvacion Estrella filed a complaint against Wells Fargo Bank, N.A., the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and trustee Samuel I. White, P.C. (collectively, "Appellees"), seeking to quiet title, compensatory damages, and declaratory relief, based on their claim that the foreclosure of their home was invalid due to an inadequate pre-acceleration notice. After the action was removed to federal court under 28 U.S.C.A. § 1442(a) (West Supp. 2012), the district court dismissed the action pursuant to Fed. R. Civ. P. 12(b)(6). The Estrellas now appeal the district court's judgment dismissing their complaint for failure to state a claim. On appeal, the Estrellas contend that the district court abused its discretion in denying leave to amend the complaint and erred in dismissing the complaint based on its finding that they received proper pre-acceleration notice. Finding no error, we affirm.

We review for abuse of discretion a district court's denial of leave to amend a complaint. See Cozzarelli v. Inspire Pharms. Inc., 549 F.3d 618, 630 (4th Cir. 2008). When a party moves for leave to amend his pleading, the court must grant leave to amend "when justice so requires." See Fed. R. Civ. P. 15(a)(2). However, where, as here, the plaintiff fails to formally move to amend and fails to provide the district court

2

with any proposed amended complaint or other indication of the amendments he wishes to make, "the district court [does] not abuse its discretion in failing to give the plaintiff[] a blank authorization to 'do over' [his] complaint." Francis v. Giacomelli, 588 F.3d 186, 197 (4th Cir. 2009); see Cozzarelli, 549 F.3d at 630-31 (finding no abuse of discretion in "declining to grant a motion [to amend] that was never properly made" but raised only in opposition to a motion to dismiss and in objections to the magistrate judge's report).[*] Thus, the district court's denial of leave to amend was not an abuse of discretion.

Turning to the Estrellas' remaining argument, we review de novo a district court's dismissal of a complaint under Rule 12(b)(6). WEC Carolina Energy Solutions LLC v. Miller, 687 F.3d 199, 202 (4th Cir. 2012). While we must accept all well-pled allegations as true and draw reasonable inferences in favor of the non-moving party, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" are not entitled to such deference. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255

---

[*] While the district court relied substantially on alternative grounds in denying leave to amend, we may affirm for any reason appearing on the record. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

(4th Cir. 2009) (internal quotation marks omitted). Under Virginia law, whether a pre-acceleration notice is adequate to support subsequent foreclosure is "a matter of contract between the parties," to be determined by reference to the deed of trust. See Bayview Loan Servicing, LLC v. Simmons, 654 S.E.2d 898, 901 (Va. 2008).

Here, the pre-acceleration letter clearly indicated that the Estrellas defaulted by falling delinquent in their payments, and that such default would be cured only by bringing the payments current by August 18, 2009, thirty days after the notice was deemed to have been given. The letter also clearly indicated the amounts required to bring the loan current before and after an intervening payment came due, and it provided the Estrellas with the option to cure the default by paying either amount during the applicable time period. Because this method of curing the default complied fully with the notice requirements set out in the deed of trust, we conclude that the Estrellas' underlying claim of improper notice is meritless. Thus, the district court did not err in dismissing the Estrellas' claims on this basis.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED