**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-2034**

─────────────

ANTHONY L. JONES; CHERYSE D. GLENN JONES,

                Plaintiffs - Appellants,

      v.

FULTON BANK, N.A.,

                Defendant – Appellee,

      and

SAMUEL I. WHITE, P.C.,

                Defendant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (3:13-cv-00126-JRS)

─────────────

Submitted: March 28, 2014         Decided: April 9, 2014

─────────────

Before SHEDD, AGEE, and FLOYD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Henry W. McLaughlin, III, LAW OFFICE OF HENRY MCLAUGHLIN, P.C., Richmond, Virginia, for Appellants. Brendan D. O'Toole, WILLIAMS MULLEN, Richmond, Virginia; William L. Stauffer, Jr., WILLIAMS MULLEN, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony L. Jones and Cheryse D. Glenn-Jones ("the Joneses") appeal the district court's order granting Fulton Bank, National Association's ("Defendant") motion to dismiss their action for damages and to quiet title based on Defendant's alleged breaches of the deed of trust securing their mortgage loan. Finding no error, we affirm.

We review de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Sec'y of State for Defence v. Trimble Navigation, Ltd., 484 F.3d 700, 705 (4th Cir. 2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

"A deed of trust is construed as a contract under Virginia law." Mathews v. PHH Mortg. Corp., 724 S.E.2d 196, 200 (Va. 2012). The elements of breach of contract in Virginia are: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by

3

the breach of obligation." Filak v. George, 594 S.E.2d 610, 614 (Va. 2004).

The Joneses first argue that the district court erred in dismissing their breach of contract claim based on Defendant's failure to send a proper thirty-day pre-acceleration notice. While a deficient pre-acceleration notice constitutes a breach of contract, see Bayview Loan Servicing, LLC v. Simmons, 654 S.E.2d 898, 901 (Va. 2008), a plaintiff must still plead damages due to that breach. Filak, 594 S.E.2d at 614. The district court's dismissal of this claim hinged on its finding that the Joneses did not sufficiently plead damages due to Defendant's alleged breach. On appeal, the Joneses focus their argument on whether Defendant's allegedly deficient pre-acceleration notice constitutes a breach but they do not dispute the district court's finding on the damages element. Thus, we affirm the district court's dismissal of this breach of contract claim. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (concluding that issues not raised in opening brief are deemed abandoned).

The Joneses next argue that the district court erred in dismissing their second breach of contract claim, in which they claimed that Defendant breached the deed of trust by improperly appointing Samuel I. White, P.C. ("White") as substitute trustee and instructing him to commence foreclosure

4

proceedings.  The district court found that the Joneses lacked standing to dispute Defendant's appointment of White as substitute trustee.  On appeal, the Joneses simply contend that they have standing to challenge the appointment because the foreclosure sale did not comply with the deed of trust.  They do not, however, argue that the district court erred in its analysis of the causation and redressability elements of the test for standing.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (stating elements of standing).  We therefore affirm the district court's dismissal of this breach of contract claim.  See Edwards, 178 F.3d at 241 n.6.

Next, the Joneses dispute the district court's dismissal of their third claim, breach of the implied covenant of good faith and fair dealing under the Uniform Commercial Code ("UCC"), as adopted by Virginia, which they based on Defendant's alleged breaches of contract discussed supra.  The Joneses' claim fails as a matter of law for two reasons.  First, the UCC does not apply to transfers of real property.  Greenwood Assocs., Inc. v. Crestar Bank, 448 S.E.2d 399, 402 (Va. 1994).  Second, even if the deed of trust falls under the UCC as the Joneses argue, their claim fails because it was pled as a separate tort claim.  See Charles E. Brauer Co. v. NationsBank of Va. N.A., 466 S.E.2d 382, 385 (Va. 1996) (holding that "the failure to act in good faith . . . does not amount to an

independent tort. The breach of the implied duty under the UCC gives rise only to a cause of action for breach of contract.").

Finally, the Joneses contend that the district court erred in finding that they were required to pay off the deed of trust before bringing an action to quiet title. To assert a claim for quiet title, the plaintiff must allege that he has satisfied his legal obligations to the party in interest and, thus, maintains a superior interest in the property. Tapia v. U.S. Bank, N.A., 718 F. Supp.2d 689, 700 (E.D. Va. 2010), aff'd, 441 F. App'x 166 (4th Cir. 2010) (No. 10-1856). The Joneses have not alleged that they have satisfied their obligations; thus, their quiet title action must fail.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED