# CIRCUIT COURT OF THE CITY OF RICHMOND

Tonia D. Emanuel

v.

Bank of America, N.A.

October 31, 2014

Case No. CL13-4364

By Judge Melvin R. Hughes, Jr.

In this case, Defendant has filed a demurrer to Plaintiff's Complaint.

The Complaint seeks the relief of quiet title, compensatory and punitive damages on allegations involving a foreclosure of a residential property owned by the Plaintiff approximately three years ago. Essentially, Plaintiff alleges that the bank Defendant, a later holder but not the originator of the note and deed of trust, violated provisions of the note and deed of trust governing notice to be given prior to acceleration of the underlying indebtedness upon default. The deed of trust requires a thirty day notice to cure which Plaintiff alleges was "back dated." Plaintiff contends the bank failed to give the required notice. In addition, Plaintiff alleges she was given false assurances that there would be no foreclosure due to her pending pre-approved application for a loan modification under the Federal Home Affordable Modification Program (HAMP). Here, Plaintiff alleges she "pre-qualified" and her application was "pre-approved" for loan modification. The Court allows Plaintiff the benefit of a favorable inference that the loan was going to be approved. Despite these assurances, the foreclosure took place on August 24, 2010, with the Defendant bank taking title. Plaintiff seeks relief on allegations of fraud and failure to comply with duties of good faith and fair dealing.

The Court's review on demurrer is confined to whether the Plaintiff has stated a sufficient claim under law for the relief. *Tronfeld v. Nationwide Mutual Ins. Co.*, 272 Va. 709, 712-13, 636 S.E.2d 447, 449 (2006). And while a demurrer admits the truth of all material facts pleaded, it does not admit to conclusions of law. *Fuste v. Riverside Healthcare Ass'n*, 265 Va. 127, 131-32, 575 S.E.2d 858, 861 (2003). The demurrer will be sustained in part and overruled in part.

As noted, part of Plaintiff's claim revolves around provisions in the note and deed of trust that speak to the requirement of a thirty day notice to cure in the event of a default of payment on a mortgage note. These provisions call for the notice to specify a date after which full payment is due on acceleration of the remaining total indebtedness at least thirty days after notice "is given to the Borrower." Here, Plaintiff alleges the notice was given less than thirty days with a written notice that was "back-dated." And, before the foreclosure, bank officials assured Plaintiff no such action would occur. Apparently, Plaintiff failed to cure.

The Complaint comes in four counts. The first alleges the breach described and seeks relief of quiet title and damages. The second asserts quiet title, actual fraud, compensatory and punitive damages, and attorney's fees; the third, quiet title, constructive fraud, and damages; fourth, a breach of implied covenant of good faith and fair dealing and damages.

First, there is no Virginia authority that a cause of action of good faith and fair dealing exists. Plaintiff argues under a Uniform Commercial Code provision, good faith and fair dealing is required. However, there has been no authority cited that sets a stand-alone tort claim for this. The Court has said there is no independent tort under Va. Code § 8.1A-304, the Uniform Commercial Code provision Plaintiff cites. *Charles E. Brauer Co. v. NationsBank of Va., N.A.*, 251 Va. 28,33 (1986).

As to the remaining allegations, largely sounding in fraud, the Court will sustain the demurrer. While Plaintiff may be viewed as pleading all the necessary elements for fraud, *see Caperton v. A. T. Massey Coal Co.*, 285 Va. 537, 553, 740 S.E.2d 1, 9 (2013), the statements are lacking that she was ready and able to pay or was prevented from curing for a causal link between the fraud and the damages alleged. In other words, the Complaint makes no reference in this regard for a causal connection between the fraud and damages sustained for purposes of reasonable reliance.

With respect to so much of the Complaint that seeks recovery for breach of contract contained in Count One, the thirty day notice back-dated issue, the Court overrules the demurrer. The cases suggest that, as to this claim, a borrower can contest a foreclosure issue on a breach of contract basis when the lender failed to fulfill a condition precedent before proceeding. Here, as with fraud, Plaintiff asserts she lost the equity in the property along with other damages. *Bayview Lawn Services, Inc. v. Simmons*, 275 Va. 114, 654 S.E.2d 898 (2008); *Matthews v. PHA Mortgage Corp.*, 283 Va. 723, 724 S.E.2d 196 (2012).

Accordingly, the demurrer will be sustained in part and overruled in part. The Court shall give leave to Plaintiff to file an amended Complaint within twenty days and, if filed, Defendant shall have ten days to file a responsive pleading.